[No. 2,920.]

# MARGARET SCOLES *v.* THE UNIVERSAL LIFE INSURANCE COMPANY.

Life Insurance — What is a Local Disease. — A tubercular affection of the lungs, or tubercles upon the lungs, or tubercles on the brain, or consumption, either of them constitute a local disease, as matter of law, within the meaning of the word "local" when used by a life insurance company to an applicant for insurance, by asking him if he has a local disease.

Usual Medical Attendant. — The question, who was the usual medical attendant upon an applicant for life insurance, is a question of fact for the jury, in an action on a life insurance policy.

New Trial. — The Court will not grant a new trial on the ground that the verdict was not warranted by the evidence, if there was a substantial conflict in the evidence.

Appeal from the District Court of the Twelfth Judicial District, City and County of San Francisco.

This was an action to recover five thousand dollars, insurance upon the life of Paul Scoles, the plaintiff's deceased husband. It was tried before a jury, and resulted in a verdict and judgment for plaintiff, as prayed by her. A motion for a new trial having been denied, defendant appealed from the judgment and order.

In its answer, the defendant, after setting out the statements furnished by Paul Scoles at the time of his application, alleged that they were false and untrue, for the reason that he was at the time "in bad and feeble health, and suffering from consumption and dysentery, and an abscess and tubercles upon the right lung and from tubercles upon the brain; his health was thereby greatly impaired," and that the statements as to the age of his parents and relatives, at the time of their death, was false and untrue.

The instructions asked by the plaintiff, and given to the jury, were as follows:

" A. Who was the usual medical attendant of the party

applying for insurance, is a question of fact for the jury to decide.

"B. The examination of the party, whose life is insured, by the examining physician of the company, and his favorable report as to the then physical condition and health of Paul Scoles, are circumstances entitled to the serious consideration of the jury, but are not conclusive or binding on the defendant.

"C. If the insurer defend on the ground that the insured misrepresented the fact in respect to his having had severe illness, local injury, or personal injuries, and was not in good health at the time of effecting the insurance, the burden of proof is on them.

"D. In cases where the testimony upon any particular issue leaves it doubtful whether the affirmative of that issue is sustained, it is a safe and proper course for the jury to find against the party who has the burden of proof upon that issue.

"E. The party upon whom is cast the affirmative of an issue, must make out the existence of the issuable fact by preponderating evidence."

The instructions asked by defendant, and refused, were as follows:

"O. If you shall find, from the evidence, that Paul Scoles represented to the defendant that he had had no local diseases or serious illness, of any kind, you are instructed that such representation was a warranty to the defendant of that fact; and if you shall further find that such representation was false in fact, you are instructed that there was such a misrepresentation as to avoid the policy sued upon, and that the plaintiff is not entitled to recover.

"P. You are also instructed, that in case you shall find, from the evidence, that Dr. Verhave had not been called upon by Paul Scoles, to attend to him in his professional

capacity, for two years prior to August 5th, 1867, and that Dr. Holbrook had, during the year prior to that date, been consulted professionally by him, and had prescribed remedies for him, and that within said period of two years Paul Scoles had been sick, and had not called upon Dr. Verhave to attend him, then Dr. Verhave was not his usual medical attendant.

" Q. If you shall find, from the evidence, that Paul Scoles represented to the defendant that he had never had any ' local disease,' of any kind, and shall find that the contract of insurance, introduced in evidence, was entered into by the defendant upon the faith that such representation was true, and shall also find that Paul Scoles had, within a year prior to the time of making such representation, had a local disease, you are instructed that the contract of insurance sued upon never took effect, and that the policy of insurance offered in evidence never had any existence as a contract, and that the plaintiff is not entitled to recover thereon.

" R. You are also instructed that whether Paul Scoles knew that he had had such local disease is immaterial, in arriving at your determination in this matter.

" S. You are also instructed that a tubercular affection of the lungs, or tubercles upon the lungs, or tubercles upon the brain, or consumption, would either of them constitute a ' local disease,' within the meaning of that term, as used in the application of Paul Scoles."

The Court below, in its charge, instructed the jury, among other things, as follows:

" If you find that prior to making the application for the policy sued on, Paul Scoles had had any serious illness, serious local disease, or serious personal injury, the plaintiff cannot recover, whether Paul Scoles knew or remembered that he had had such illness, local disease, or personal injury, or not.

" On behalf of the defendant I give you this instruction: You are instructed that the plaintiff in this action is bound by all the statements and representations made to the defendant by Paul Scoles, and that any misrepresentation on his part is available to the defendant in this action, as much as if the misrepresentation had been made by the plaintiff."

*Jarboe, Harrison & Robinson,* for Appellant.

The policy was not binding upon defendant, for the reason that the insured made false statements to the effect that he had no local disease or serious illness; that Dr. Verhave was his usual medical attendant, and that he had omitted no material fact bearing upon his physical condition in the statements in his application. There was a warranty on his part that the statements made by him to defendant were true, and the breach of that warranty vitiated the policy. (*Clark* v. *Manufacturers' Ins. Co.,* 2 W. & M. 487; *Forbush* v. *Western Mass. Ins. Co.,* 4 Gray, 340; *De Hahn* v. *Hartley,* 1 T. R. 343; 35 Conn. 230; 98 Mass. 389; 12 Cush. 425; 2 Denio, 82; 6 Cush. 42; 3 Gray, 580; 2 Allen, 572.) And again, even though the statements are to be regarded as " representations " rather than " warranties," still their falseness vitiates the policy. (*Kimball* v. *Ætna Ins. Co.* 9 Allen, 542; *Davenport* v. *N. E. M. F. Ins. Co.* 6 Cush. 340; 2 Allen, 574; 4 Allen, 225; 10 Cush. 449; 20 N. Y. 37; 98 Mass. 403; 24 Eng. L. & E. 1.)

The Court below erred in giving instruction " A." It is true that, *which* of several physicians is to be called the " usual medical attendant " of a party, is a question of fact for the jury; but this is a very different question from determining *what* elements serve to make up the " usual medical attendant " of the party. When the question to be determined is, as it was here, whether any one of the physicians had the elements necessary to make up the " usual medical attendant," the Court must pass upon it. (*Everett*

v. *Desborough*, 5 Bing. 503; *Morrison* v. *Musyratt*, 4 Bing. 60; *Maynard* v. *Rhodes*, 1 C. & P. 360; *Huckman* v. *Fernie*, 3 M. & W. 505; *Cazanove* v. *British Assurance Co.* 6 C. B., N. S. 437.)

*McAllisters & Bergin* and *John J. McElhinny*, for Respondent.

The points really at issue are questions of fact, which were passed upon by the jury; and the verdict will not be disturbed on the ground that it was not justified by the evidence, as there was evidence upon each point.

In reference to what was a local disease, the Court charged, in effect, that if the jury found Scoles had "any affection of the lungs," whether tuberculous or otherwise, or "any affection of the brain," or "consumption," or any other "local disease," the plaintiff could not recover.

There was no error in submitting to the jury the question as to who was the usual medical attendant. It is true that defendant might have requested the Court to have gone further and instructed the jury as to the elements that constituted the "usual medical attendant;" but, failing to do this, they can take no exception to the want of such an instruction. A failure to give the jury an instruction not asked for has repeatedly been held not to be error.

By the Court, Rhodes, J.:

The verdict will not be disturbed on the ground that it is contrary to the evidence, upon the issue as to whether any false statements were made by Paul Scoles, the person whose life was insured, for there is a manifest conflict in the evidence upon the points which have been discussed by counsel. It may be doubted whether any misrepresentations were in issue, except such as were specified in the answer, but we express no opinion on the point.

We see no error in the instructions given by the Court;

and we are of the opinion that the refusal to give those requested by the defendant was not erroneous, except in respect to one instruction. Among the questions propounded to the insured was the following: "Have you had any serious illness, local disease, or personal injury; and, if so, of what nature, and how long since?" And the answer given was: "Not any." There was evidence tending to prove that the insured had consumption, or tubercles upon the lungs, and tubercles upon the brain. The defendant requested this instruction: "You are also instructed that a tubercular affection of the lungs, or tubercles upon the lungs, or tubercles upon the brain, or consumption, would either of them constitute a local disease, within the meaning of that term, as used in the application of Paul Scoles." We think such diseases as those mentioned in the proposed instruction would clearly come within the definition of a local disease; and that the jury should have been so instructed, as matter of law. It was not enough that the jury were instructed that, if Paul Scoles had had a serious local disease, then the plaintiff could not recover; but the defendant had a right to have them instructed that a particular disease, in respect to which there was evidence before them, came within the meaning of the term *local disease*, as used in the application of the insured.

Judgment and order reversed, and cause remanded for a new trial.